### FLOMERFELT v. DILLON.

#### (Supreme Court, Appellate Term. May 5, 1904.)

1. LANDLORD AND TENANT—TENANT HOLDING OVER TERM—IMPLIED AGREEMENT.

When a tenant holds over after the expiration of his term, an agreement for a year on the terms of the prior lease is implied.

2. SAME—ACTION BY LANDLORD—AUTHORITY OF AGENT—EVIDENCE.

In an action by a landlord for rent, where one of the issues was the authority of a certain person to bind the landlord by an agreement with the tenant, it was error to refuse to permit plaintiff, on his cross-examination of such person, to inquire into the extent of his authority.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by James R. Flomerfelt against J. J. Dillon. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Walter L. McCorkle, for appellant.
John E. Connolly, for respondent.

GREENBAUM, J. Defendant was the tenant of the plaintiff of certain apartments under a written lease, expiring October 1, 1902. In September, 1902, the tenant had negotiations with Porter & Co., who the defendant claimed were the agents of plaintiff, looking to a renewal of the lease for another year. As the terms of the new lease had not been fully agreed upon before October 1, 1903, the defendant forwarded a check to Porter & Co. for $65, as rent for October, inclosed in a letter in which plaintiff stated that it was sent "with the understanding that there is no implied responsibility or agreement on my part for the rent of the apartments beyond the month of October." Negotiations were continued during October, and on October 29th Porter & Co. sent the defendant a written lease for a year, which the latter declined to

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. §§ 284, 378.

sign upon the ground that it did not express the understanding between them; and on October 31st he forwarded to Porter & Co. another check for $65 for the month of November, stating that it was sent "with the understanding the same as for the month of October, that there is no implied responsibility or agreement on my part for the rent or lease of the apartment beyond the month of November." No written lease was thereafter executed, but the tenant continued in occupancy and paid his rent monthly until the 30th day of June, 1903, when he removed from the premises. This action was brought to recover the rent for July, August, and September, 1903, upon the ground that the defendant held over his original term, and was liable for another year's rent.

The general rule is so well settled that, when a tenant holds over after the expiration of his term, the law will imply an agreement for a year upon the terms of the prior lease, that it is unnecessary to cite any authorities in its support.

Defendant's counsel contends that pursuant to an agreement with Porter & Co., as agents of plaintiff, the defendant became a tenant from month to month, and was privileged to move when he did. The difficulty with the contention is that, even if it be assumed that Porter & Co. were the agents of plaintiff, the letters of defendant from which quotations have been made, and the testimony of the defendant himself, do not show that any such agreement was in fact made. There was at best an understanding that pending the negotiations for a new written lease the tenant's occupancy during October and November, respectively, shall not be deemed extended beyond those months. If the tenant remained in possession after November, he did so at his peril.

There was also error committed upon the trial in refusing to permit the plaintiff's counsel, upon his cross-examination of Mr. Bernard, a member of the firm of Porter & Co., who had been called as a witness by defendant, to inquire into the extent of his authority to represent the plaintiff—an issue which was clearly raised by the plaintiff. Objection to this testimony was taken upon the ground that it was "immaterial." The scope of the agency of Porter & Co. was very material, and the inquiry was pertinent to the matters litigated.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.